IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**LINDA FAYE MCCOY**                                                                               **PLAINTIFF**

v.                              NO. 4:20-cv-00705 PSH

**ANDREW SAUL, Commissioner of**                                                    **DEFENDANT**
**the Social Security Administration**

### MEMORANDUM OPINION AND ORDER

In this case, plaintiff Linda Faye McCoy ("McCoy") maintains that the findings of an Administrative Law Judge ("ALJ") are not supported by substantial evidence on the record as a whole.[1] McCoy so maintains for two reasons, one of which has merit. She maintains that her residual functional capacity was erroneously assessed because inadequate consideration was given to the non-medical evidence. The Court agrees.

---

[1] The question for the Court is whether the ALJ's findings are supported by "substantial evidence on the record as a whole and not based on any legal error." See Sloan v. Saul, 933 F.3d 946, 949 (8th Cir. 2019). "Substantial evidence is less than a preponderance, but enough that a reasonable mind would accept it as adequate to support the [ALJ's] conclusion." See Id. "Legal error may be an error of procedure, the use of erroneous legal standards, or an incorrect application of the law." See Lucus v. Saul, 960 F.3d 1066, 1068 (8th Cir. 2020) [quoting Collins v. Astrue, 648 F.3d 869, 871 (8th Cir. 2011) (citations omitted)].

McCoy was born on February 20, 1961, and was fifty-six years old on September 18, 2017, the date she allegedly became disabled. In her application for disability insurance benefits, she alleged that she is disabled due to numbness and the loss of use of her limbs.

McCoy summarized the relevant medical evidence in the record. The Court will not reproduce the summary, except to note that she has sought medical attention for pain and numbness in her back, lower extremities, and feet and has been prescribed medication for her pain. See Transcript at 236-242, 248-249, 254-257, 361-378. The medical testing is largely unremarkable, as are the findings and observations of the attending medical professionals. For instance, McCoy saw Dr. Ghulam Khaleel, M.D., ("Khaleel") on January 22, 2018, for complaints of right-side numbness, severe back pain that radiated into McCoy's legs, and an unsteady gait. See Transcript at 254-257. McCoy reported, in part, that she finds it difficult to complete her day's tasks. A physical examination revealed, in part, that she has 4/5 muscle strength in her lower extremities but an unsteady station and gait "if she is not careful." See Transcript at 255. Khaleel diagnosed lumbosacral radiculopathy, chronic inflammatory demyelinating polyneuritis, and chronic pain syndrome. He recommended that she establish care with a neurologist as soon as possible.

McCoy completed a series of documents in connection with her application. In a work report, she represented that she worked steadily from 1997 to 2016, see Transcript at 174-181, a representation confirmed by her earnings record. See Transcript at 147-153. In a pain report, she represented, in part, that she experiences sharp, shooting pain in her back, hips, and lower extremities. See Transcript at 182-183. She can stand and walk for ten minutes at one time and can sit for fifteen minutes at one time. In a function report, she represented, in part, that she can attend to her own personal care, prepare meals, perform simple household chores, and drive an automobile. See Transcript at 184-191. Her social activities include "sitting around talking" with other people. See Transcript at 188.

McCoy testified during the administrative hearing. See Transcript at 25-37. She clarified that she worked steadily from at least 1991 to 2016. She experiences pain and numbness in her back, hips, legs, and feet that have grown worse with time. She takes Gabapentin, diclofenac sodium, and methocarbamol, the side effects of which cause her to become drowsy. McCoy stumbles from time to time but does not use an assistive device to walk. She can lift approximately five pounds but doing so makes her unsteady on her feet. She can sit for about an hour, after which she must move around. She can stand for about one hour before she must sit down.

The ALJ assessed McCoy's residual functional capacity as a part of the sequential evaluation process. The ALJ found the following with respect to McCoy's subjective complaints:

> ... the [ALJ] has considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSR 16-3p. ...
>
> In considering [McCoy's] symptoms, the [ALJ] must follow a two-step process in which it must first be determined whether there is an underlying medically determinable physical or mental impairment(s) .... that could reasonably be expected to produce [McCoy's] pain or other symptoms.
>
> Second, once an underlying physical or mental impairment(s) that could reasonably be expected to produce [McCoy's] pain or other symptoms has been shown, the [ALJ] must evaluate the intensity, persistence, and limiting effects of [McCoy's] symptoms to determine the extent to which they limit [her] functional limitations. For this purpose, whenever statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the [ALJ] must consider other evidence in the record to determine if [McCoy's] symptoms limit the ability to do work-related activities.
>
> [McCoy] is a 58-year-old woman with more than a high school education. She alleges disability due to chronic pain and back issues. She indicated that her biggest issues are mobility and fatigue. Since around 2017, [she] noted that she has continuously walked with a limp, and has felt a general loss of control of her right foot and leg, along with numbness. As a result, she often stumbles and has had 3-4 falls in the past year. [She] also stated that her pain medications make her drowsy.

> After careful consideration of the evidence, the [ALJ] finds that [McCoy's] medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [McCoy's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.
>
> As for [McCoy's] statements about the intensity, persistence, and limiting effects of his or her symptoms, they are inconsistent with the longitudinal record.

See Transcript at 13-14. The ALJ noted the medical evidence, finding some opinion evidence persuasive but other opinion evidence unpersuasive, and determined that McCoy retained sufficient residual functional capacity to perform medium work. The ALJ found that because McCoy's past relevant work did not require the performance of work-related activities precluded by her residual functional capacity, she was not under a disability as defined by the Social Security Act.

McCoy maintains that her residual functional capacity was erroneously assessed because inadequate consideration was given to the non-medical evidence. Specifically, McCoy maintains that the ALJ relied solely upon the medical evidence in discrediting McCoy's subjective complaints, or what she characterizes as her "statements on the effects of her symptoms." See Docket Entry 14 at CM/ECF 7.

5

As a part of assessing the claimant's residual functional capacity, the ALJ is required to evaluate the claimant's subjective complaints. See Pearsall v. Massanari, 274 F.3d 1211 (8th Cir. 2001). The ALJ does so by determining whether the claimant has a medically determinable impairment that could reasonably be expected to produce pain or other symptoms and, if so, evaluating the intensity, persistence, and limiting effects of her pain or other symptoms. See Social Security Ruling 16-3p. In evaluating the intensity, persistence, and limiting effects of the claimant's pain or other symptoms, the ALJ must consider all the evidence, including evidence of the following:

> (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the claimant takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the claimant receives or has received for relief of pain or other symptoms; (6) any measures other than treatment a claimant uses or has used to relieve pain or other symptoms …; and (7) any other factors concerning a claimant's functional limitations and restrictions due to pain or other symptoms.

See Social Security Ruling 16-3p. See also 20 CFR 404.1529; Polaski v. Heckler, 751 F.3d 943 (8th Cir. 1984) (factors substantially similar to those of Social Security Ruling 16-3p).

The medical evidence here is unremarkable, and the ALJ adequately considered it in evaluating McCoy's subjective complaints. Were he only required to consider the medical evidence in evaluating her subjective complaints, he could have found as he did, i.e., that her statements are "inconsistent with the longitudinal record." See Transcript at 14. The problem, though, is that he is also required to consider the non-medical evidence in evaluating her subjective complaints. As the ALJ correctly noted, "... whenever statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, [he] must consider other evidence in the record to determine if [McCoy's] symptoms limit [her] ability to do work-related activities." See Transcript at 13. The Court is not prepared to find that he adequately considered the other evidence in the record.

The ALJ made no mention of McCoy's daily activities. Although he noted the location and frequency of her symptoms, i.e., she regularly complained of pain and numbness in her back and lower right extremity, he made no mention of the duration or intensity of the symptoms. He made no mention of factors that precipitate and aggravate her symptoms. He noted that her medication makes her drowsy but otherwise made no

mention of the type, dosage, and effectiveness of the medication she takes or has taken to alleviate her symptoms. The ALJ also made no mention of the treatment, other than medication, McCoy receives or has received for her symptoms; the measures, other than treatment, she uses or has used for the symptoms; and other factors concerning her functional limitations and restrictions. Moreover, he made no mention of her work history.[2]

The Commissioner notes that the ALJ is not required to explicitly discuss or even mention the relevant factors in evaluating a claimant's subjective complaints. In any event, the Commissioner maintains that the ALJ "wove his credibility analysis into the [residual functional capacity] determination, highlighting the inconsistencies in the record." See Docket Entry 15 at CM/ECF 7. The Court agrees that the ALJ need not discuss or even mention the relevant factors and can weave a "consistency analysis" into the determination of a claimant's residual functional capacity.[3] There must be some indication, though, that the ALJ actually weighed the factors. Here, the Court can find no such indication.

---

[2] Evidence of a claimant's work history should be considered in assessing her residual functional capacity. See Schwandt v. Berryhill, 926 F.3d 1004 (8th Cir. 2019); Acklin v. Commissioner, 2021 WL 763698 (E.D.Ark. February 26, 2021) (Ray, MJ).

[3] Social Security Ruling 16-3p "removed the word 'credibility' from the analysis of a claimant's subjective complaints, replacing it with 'consistency' of a claimant's allegations with other evidence." See Acklin v. Commissioner, 2021 WL 763698, 4.

The Court recognizes that the non-medical evidence in this case is unremarkable, and it may be that the ALJ ultimately finds that McCoy's "statements about the intensity, persistence, and limiting effects of his or her symptoms" are "inconsistent with the longitudinal record." See Transcript at 14. It is for the ALJ in the first instance, not the Court, to evaluate the consistency of McCoy's subjective complaints with the other evidence in the record and, if they are inconsistent, explain why.

A remand is therefore warranted. Upon remand, the ALJ shall re-assess McCoy's residual functional capacity. As a part of doing so, the ALJ shall evaluate the consistency of McCoy's subjective complaints.

The Commissioner's final decision is reversed, and this case is remanded. The remand in this case is a "sentence four" remand as that phrase is defined in 42 U.S.C. 405(g) and Melkonyan v. Sullivan, 501 U.S. 89 (1991).

IT IS SO ORDERED this 19th day of April, 2021.

_____
UNITED STATES MAGISTRATE JUDGE